STATE ex SPARKS et v WEBER et

Ohio Appeals, 6th Dist, Lucas Co

No 2752. Decided Jan 12, 1933

Lionel Levy, Toledo, for plaintiffs.

R. B. Swartzbaugh and Fraser, Hiett, Wall & Effler, Toledo, for defendant in error.

WILLIAMS, J.

The cause is submitted on the pleadings and the question presented is whether or not an Act to establish a police court in the Village of Ottawa Hills, Lucas County, Ohio, passed April 10, 1931, approved May 1, 1931 and filed in the office of the Secretary of State May 5, 1931, confers upon the police court of Ottawa Hills the jurisdiction in civil actions formerly exercised by the justice of the peace in Ottawa Hills Township. The Act establishes the police court in the Village of Ottawa Hills, the territorial limits of which are co-extensive with those of Ottawa Hills Township, and bestows upon it appropriate jurisdiction in criminal matters. With the extent of that jurisdiction, we are not concerned. The only provisions of the act that bear upon the question whether such jurisdiction in civil actions was conferred upon the police court is found in the following sections:

"Sec 14694-6, GC.
Section 7. The judge shall have the right to perform marriage ceremonies, take acknowledgments of deeds and other instruments, administer oaths, and perform any other duty now given or that may be conferred upon justices of the peace. All fees, including marriage fees, earned by a police judge by virtue of this section, when not connected with any cause or proceeding in the police court, shall be collected by and belong to the judge so earning said fees."

"Sec 14694-9 GC.
Section 10. The police court shall be the successor of the justice court of Ottawa Hills Township, Lucas County."

"Sec 14694-10 GC.
Section 11. Upon the qualification of the police judge, the jurisdiction of the justice of the peace in Ottawa Hills Township in all criminal and civil matters shall cease and the office of justice of the peace and constable shall be, and the same is hereby abolished."

Counsel for relators contends that "in construing grants of power to inferior courts of limited jurisdiction, or courts not proceeding according to the course of common law, nothing is to be held as granted by implication which is not necessary to the full exercise of the powers expressly granted, and such courts are confined strictly within the limits of the powers granted." There is no reason for quarreling with this rule for in construing the sections of the General Code quoted above, this court shall not go beyond the powers expressly granted by the Act. There is another rule which is of vital concern in determining the meaning of the provisions under scrutiny. It is found in the fourth syllabus of Cochrel v Robinson, 113 Oh St, 526:

"In the construction of a statute the primary duty of the court is to give effect to the intention of the Legislaure enacting it. Such intention is to be sought in the language employed and the apparent purpose to be subserved, and such a construction adopted which permits the statute and its various parts to be construed as a whole and give effect to the paramount object to be attained."

In fine, the Act takes away the jurisdiction of the justice of the peace in Ottawa Hills township, both civil and criminal, and abolishes the offices of justice of the peace and constable within that township, and establishes a police court and makes that police court the successor of the justice court and requires that the judge of the police court shall "perform any other duty" now given or that may be hereafter conferred upon justices of the peace in addition to performing marriage ceremonies, taking acknowledgments of instruments and administering oaths. It is evident that the paramount object sought to be obtained by the legislature as shown by the intention expressed in the language employed in the Act, was to abolish entirely the office of justice of the peace within the township and create a police court as a successor thereto, which should exercise criminal jurisdiction as therein expressed and perform all the duties which the justice of the peace would have performed if that office had not been abolished. It was the duty of the justice of the peace to try civil actions within the limitation imposed by law and we must hold that the duty to try civil actions formerly triable by the justice of the peace of Ottawa Hills township now

rests upon the judge of the newly-created police court.

Counsel for relator makes the contention that the Act is unconstitutional. In passing, it is only necessary to say that in our judgment the contention is not well-founded.

The writ of prohibition is denied and the petition dismissed.

RICHARDS, J, concurs.
LLOYD, J, dissents.

LLOYD, J, dissenting.

The words "duty" and "jurisdiction" are not synonymous in meaning. "Jurisdiction" of a court is the power or authority judicially to hear and determine civil and criminal matters, either or both. "Duty," when used - in relation to "jurisdiction," is the obligation to exercise when invoked, the power conferred.

The act of the General Assembly under consideration is found in 114 Ohio Laws, page 503, and is entitled

"An Act
To establish a Police Court in
the Village of Ottawa Hills,
Lucas County, Ohio."

and nowhere in the act is the jurisdiction of the court mentioned except in §§1 and 2 thereof designated therein as §§14694 and 14694-1, GC. §14694 GC is entitled:

"Sec 14694 GC—The Police Court of Ottawa Hills, Jurisdiction."

and this section relates only to offenses under ordinances and misdemeanors. §14694-1 GC is entitled:

"Sec 14694-1 GC—Jurisdiction in felonies."

and this section relates only to the subject recited in the caption. The caption of §14694-6, GC, §6 of the Bill as passed by the General Assembly, is:

"Sec 14694-6 GC—Power of Judge to perform marriage ceremonies, take acknowledgments, etc."

"Any other duty" as used in this section patently relates to acts similar to those enumerated, as for instance; Acknowledgment of leases, taking depositions, appointment of township trustee to fill vacancy and dispersing persons unlawfully or riot-

ously assembled, and perhaps other ministerial acts. The Act establishing the office of justice of the peace recognizes the difference between jurisdiction, powers and duties. §1711-1, GC.

It seems to me, therefore, that nowhere in the Act is the court given jurisdiction to hear and determine civil causes, however expedient it may be to so hold. Legislative intention is of no avail unless vitalized by appropriate language and it would seem more expedient, if the enactment in its present form does not express the legislative intent, to entrust its amendment to the General Assembly now in session rather than for a court, considering that as legislatively done which judicial wisdom determines ought to be done, to proceed by strained interpretation to effect the desired amendment.